**Roosevelt JAMES, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Respondent-Appellee.**

**No. 81-6017**
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

July 6, 1982.

Roosevelt James, pro se.

Raymond L. Marky, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

This is a Florida habeas case by a prisoner convicted of second degree murder. Denial of the writ is AFFIRMED.

Primary evidence against petitioner in his jury trial was a transcript, read to the jury by the court reporter, of an eyewitness' testimony given nine months earlier at a preliminary hearing. The witness was sworn before testifying at the preliminary hearing and was subjected to cross-examination by petitioner's attorney. The witness died after the preliminary hearing and before the trial. Use of this testimony under these circumstances was constitutionally permissible. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *Mattox v. U. S.*, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed.2d 409 (1895).

When the transcript of the eyewitness' testimony was introduced the court instructed that the jury was to consider the testimony the same as though the witness were testifying before them in court. Defense counsel objected, and the judge then stated that he only meant to emphasize that

---

the deceased witness had been testifying under oath at the preliminary hearing. As explained by the court, the instruction was not erroneous.

AFFIRMED.